UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMERON MORRIS,<br><br>                Plaintiff,<br><br>   v.<br><br>CANYON COUNTY COURT HOUSE, PROSECUTING ATTORNEYS, CANYON COUNTY PUBLIC DEFENDER, GREG SWANSON, RUTH COOSE, and SCOTT ROWLEY,<br><br>                Defendants. | Case No. 1:20-cv-00019-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Cameron Morris was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

After reviewing the Complaint (Dkt 3), as well as Plaintiff's motions and corrections to the Complaint (Dkts. 10, 11, 13, 14), the Court has determined that Plaintiff will be required to file an amended complaint if he desires to proceed.

## REVIEW OF COMPLAINT

1. **Standard of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff is required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. at 678. In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

To state a claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

2. **Summary of Allegations**

It appears that Plaintiff a pretrial detainee. The Canyon County Jail online roster shows that Plaintiff is being held on various charges, including malicious injury to property, resisting or obstructing an officer, two no-contact order violations, a probation violation, and a civil protective order violation. While the allegations are somewhat unclear, it seems that, on April 17, 2019, Plaintiff received a copy of a no-contact order (NCO) that informed him that he should request a hearing if he did not intend to waive actual notice of or an opportunity to participate in a hearing or to appear in court on the NCO.

Plaintiff alleges that, between April 24, 2019, and May 9, 2019, Defendants Greg Swanson, Ruth Coose, and Scott Rowley violated his due process right to have a hearing on the NCO. Plaintiff alleges that he mailed a letter requesting a hearing to Defendants on April 24, 2019. He asserts that he had fourteen days to request a hearing, and he did so within seven days of receiving the NCO. Plaintiff believes that Defendants received a copy of his letter requesting a hearing, but took no action to schedule a hearing. Plaintiff does not state whether he file a motion or request for a hearing with the court that issued the NCO. It is unclear whether Plaintiff is alleging that he did so, and Defendants somehow blocked his right to have a hearing.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

Plaintiff alleges that, as a result of Defendants' actions, he spent unnecessary time in custody, lost work time, and suffered other damages. He also asserts that the NCO (and the resulting jail time for allegedly violating it) amounted to malicious prosecution and false imprisonment. He states in his first request to amend the Complaint that he does not seek reversal or dismissal of his state criminal case. (Dkt. 10.) He states in another request that he does not intend to assert state law supplemental jurisdiction claims. (Dkt. 13.)

3. Discussion

   A.   *Canyon County Court House*

Plaintiff names "the Canyon County Court House" as a defendant. It is unclear who at the county courthouse allegedly wronged Plaintiff, or whether he is alleging that he was wronged by the Canyon County court as an entity. He will be given leave to provide more detailed allegations and decide which defendants to sue.

If Plaintiff desires to sue an entity, he must provide sufficient allegations showing whether the "county" entity is really an arm of the state that cannot be sued in federal court. In *Hess v. Port Auth. Trans–Hudson Corporation*, 513 U.S. 30 (1994), the United States Supreme Court instructed federal courts to analyze four different factors to determine whether a local entity is an "arm of the state": (1) the state's potential liability for a judgment against the entity; (2) the language by which state statutes and state courts refer to the entity and the degree of state control and veto power over the entity's actions; (3) whether state or local officials appoint the board members of the entity; and (4) whether the entity's functions fall within the traditional purview of state or local government. *Id.* at 44, 45, 51.

If the defendant is an "arm of the state" under the foregoing formula, then the Eleventh Amendment of the United States Constitution prohibits such a suit, unless the

state has waived its sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

If Plaintiff desires to sue the court as a county entity *and* he can show that it is not an arm of the state, then he must state sufficient allegations to show that that the injury was caused by county officials carrying out an official policy or an unofficial custom. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, "a municipality [or entity] can be found liable under § 1983 only where the municipality [or entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Required elements of a § 1983 policy-based claim against a municipality or entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy; (3) the policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996) (internal quotation marks omitted)).

Therefore, if Plaintiff desires to sue a county entity that is not an arm of the state, he must show that the persons who deprived him of a hearing on the NCO did so because

the county entity had a policy that caused the deprivation. If the persons ignored Plaintiff's rights or deprived him of a hearing based on their own judgment or simply as a result of their own negligence, Plaintiff has not stated a civil rights claim against the county entity. Plaintiff may file an amended complaint if he has additional policy- or custom-based allegations.

### B. *Prosecutors*

Plaintiff desires to sue the prosecutors who allegedly ignored his request for a hearing, Greg Swanson and Ruth Coose. It is well settled that a prosecutor is entitled to absolute prosecutorial immunity from suit under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by the prosecutor in the performance of an integral part of the criminal judicial process. *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Imbler v. Pachtman*, 424 U.S. 409 (1976). The key to analyzing whether a prosecutor is immune from suit for a particular act or omission is to determine the function or role the act served—investigatory (generally no immunity) or prosecutorial (immunity). *See Genzler v. Longanbach*, 410 F.3d 630, 643 (9th Cir. 2005).

Prosecutors are *not* immune and may be sued if they conduct their own investigations, fabricate evidence, or acquire known false evidence for use in a prosecution. *See Milstein v. Cooley*, 257 F.3d 1004, 1011 (9th Cir. 2001). On the other hand, prosecutors are absolutely immune "for performing tasks that are an integral part of the judicial process, such as participating in criminal proceedings, "gathering additional evidence after probable cause is established," or performing other quasi-judicial functions. *Genzler v. Longanbach*, 410 F.3d 630 (9th Cir. 2005). Because the analysis is

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

function-based, absolute prosecutorial immunity extends even to "the knowing use of false evidence at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein*, 257 F.3d at 1008; *see Broam v. Bogan*, 320 F.3d 1023 (9th Cir. 2003). Absolute quasi-judicial immunity "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judicial immunity context). Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988).

If Plaintiff has facts plausibly showing that the acts complained of are *not* among those for which prosecutorial absolute immunity would apply, he may file an amended complaint. Setting hearing dates is an integral part of the judicial process; therefore, unless Plaintiff has other factual allegations, he will not be able to state a claim against the prosecutors.

### C. Public Defender

Plaintiff desires to sue the public defender, Scott Cowley, who allegedly ignored his request for a hearing. Plaintiff has failed to state a claim against the public defender because the United States Supreme Court has held that criminal defense attorneys are not considered "state actors" under § 1983 because, in their unique function, they are not acting on behalf of the state. In *West v. Atkins*, 487 U.S. 42 (1988), the Supreme Court explained:

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

> Indeed, *Polk County v. Dodson*, [454 U.S. 312 (1981)] … is the only case in which this Court has determined that a person who is employed by the State and who is sued under § 1983 for abusing his position in the performance of his assigned tasks was *not* acting under color of state law. The Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S., at 325, 102 S.Ct., at 453. In this capacity, the Court noted, a public defender differs from the typical government employee and state actor. While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence," which the State is constitutionally obliged to respect. *Id.*, at 321-322, 102 S.Ct., at 451. A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State. *Id.*, at 318- 319, 320, 102 S.Ct., at 450. The Court accordingly concluded that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he "is not acting on behalf of the State; he is the State's adversary." *Id.*, at 323, n. 13, 102 S.Ct., at 452, n. 13. *See also Lugar v. Edmondson Oil Co.*, 457 U.S., at 936, n. 18, 102 S.Ct., at 2753, n. 18.

*Id*. at 50 (emphasis added).

As a result of the foregoing precedent, Plaintiff cannot sue the public defender under § 1983. This claim is subject to dismissal and should not be included in any amended complaint.

### D. *Claims Related to Criminal Charges or Convictions*

In general, civil rights claims challenging unadjudicated criminal charges cannot be brought in federal court until the charges have been resolved in the state court system. In general, the rule of *Younger v. Harris*, 401 U.S. 37 (1971), prohibits federal courts from interfering in criminal matters still pending in state court. In most cases, state

criminal defendants are required to proceed through the state criminal justice system, including the appellate system, before coming to federal court. If pretrial detainees are permitted to come to federal court before their state criminal case is concluded, it is via habeas corpus, not a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

If charges have been fully adjudicated and a criminal judgment of conviction has been entered, claims that call into question the conviction cannot be entertained in a federal civil rights action unless the conviction has been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This is true, regardless of what type of remedy a plaintiff seeks in the civil rights action.

The status of Plaintiff's charges regarding the NCO is unclear. Plaintiff vaguely mentions a dismissal in the Complaint. If the charges have been dismissed, then Plaintiff may be able to pursue a civil rights action, subject to the limitations set forth in each of the above sections of this Order.

4. **Instructions for Amendment**

If Plaintiff chooses to amend the Complaint, he must allege a sufficient causal connection between each defendant's actions and the claimed deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 (a complaint is

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

insufficient if it "tenders naked assertions devoid of further factual enhancement" (punctuation altered)).

**An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings**. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading. (Plaintiff's submitted "amendments" are actually supplements. The new amended complaint should be drafted as a complete replacement to the original Complaint and all supplements.)

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 30 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

# ORDER

**IT IS ORDERED:**

1. Plaintiff's Motions to Amend (Dkts. 10 in part, 11, 13) are GRANTED, and considered supplements to the original Complaint. A comprehensive, complete amended complaint is required if Plaintiff desires to attempt to state a claim upon which he can proceed.

2. If Plaintiff believes he can state a claim, an amended complaint is due within **30 days** after entry of this Order. If he is no longer interested in pursuing this action, he may file a notice of voluntary dismissal. If Plaintiff does nothing within this time frame, this case will be dismissed for failure to state a federal claim upon which relief can be granted.

3. Plaintiff's request for appointment of counsel (Dkt. 10 in part) is DENIED without prejudice.

DATED: April 2, 2020

B. Lynn Winmill
U.S. District Court Judge